UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Willie Chambers,

        Plaintiffs,                              Case No. 1:13cv735

        v.                                       Judge Michael R. Barrett

Total Renal Care, *et al.*,

        Defendants.

## ORDER

This matter is before the Court upon Defendants' Motion for Judgment on the Pleadings. (Doc. 7). Plaintiff has filed a Memorandum in Opposition (Doc. 8) and Defendants have filed a Reply (Doc. 13).

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

This case was originally filed in the Hamilton County Court of Common Pleas and removed to this Court based on diversity jurisdiction. (Doc. 1). Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations contained in Ohio Revised Code § 2305.10(A). Defendants point out that Plaintiff claims she was injured due to Defendants' negligence on September 17, 2011, but she did not file her

Complaint until September 20, 2013. Defendants acknowledge that Plaintiff attempted to file her Complaint on September 17, 2013, but it was rejected for being improperly filed. Defendants also acknowledge that counsel for Plaintiff has explained that he did not receive the email notice of the rejected filing until September 20, 2013, when he checked his spam filter.[1]

Plaintiff has provided the Court with the Order of Judge Melba Marsh, who presided over this case when it was pending in state court. Judge Marsh held that "the September 17, 2013, filing valid and accepts the filing on that date." (Doc. 8-1). Defendants argue that this Court should reject this finding by Judge Marsh because the Hamilton County Local Court Rules provide that "[r]ejected filings which are resubmitted via electronic mail must be received by the Clerk of Courts within twenty-four (24) hours of the time that the rejection electronic mail message was sent by the Clerk of Courts in order to retain the original date and time of fling and confirmation number."

This Court sees no compelling reason to overturn the ruling of Judge Marsh that Plaintiff's Complaint should be deemed as being timely filed on September 17, 2013. Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT

---

[1] This explanation was apparently provided in an affidavit which was filed by Plaintiff's counsel in the state court proceedings, but was not provided to this Court.